**FILED**
MAR 0 4 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

| | |
|---|---|
| HEIDI HAPPEL and KENT HAPPEL, her husband, ) | |
| Plaintiffs, ) | |
| vs. ) | Case No: 02 C 7771 |
| ) | **DOCKETED** MAR 0 7 2003 |
| WALMART STORES, INC, a Delaware corporation, d\b\a WALMART PHARMACY ) | Judge Moran |
| Defendants. ) | Magistrate Judge Levin |

### NOTICE OF FILING

To: See attached service list.

YOU ARE HEREBY NOTIFIED that on the 4th day of **March**, 2003, there was caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Illinois, **Plaintiff's First Amended Federal Complaint at Law**, a copy of which is attached hereto and duly served upon you.

_____
One of Plaintiffs Attorneys

### PROOF OF SERVICE

The undersigned, an attorney, being first duly sworn upon oath, states and deposes that he served a copy of the foregoing Notice of Filing and its attachment(s) upon all counsel of record by depositing same in the U.S. mail on this 4th day of March, 2003.

_____

Subscribed and sworn to before me
on this 4 day of March, 2003.

_____
Notary Public

OFFICIAL SEAL
ELIZABETH J. ZYSK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-21-2007

LAW OFFICE OF KENNETH C. CHESSICK, M.D.
1870 North Roselle Road, Suite 104
Schaumburg, IL 60195
(847)843-8044



## SERVICE LIST

Happel v. WalMart
Case No: 02 L 012341
       02 C 7771


<u>Attorneys for Defendant Walmart Pharmacy:</u>
Mark Monroe
James McCluskey
P. Timothy Crandchamp
MOMKUS, OZOG, & MCCLUSKY
3051 Oak Grove Drive
Downers Grove, Illinois 60515
(630) 434-0400
(630) 434-0444 (fax)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**FILED**
MAR 0 4 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HEIDI HAPPEL and KENT HAPPEL, her husband, )
)
Plaintiffs, )
)
vs. ) 02C7771
)
WALMART STORES, INC, a Delaware )
corporation, d\b\a WALMART PHARMACY )
Defendants. )

DOCKETED
MAR 0 7 2003

## FIRST AMENDED FEDERAL COMPLAINT AT LAW

NOW COME plaintiffs HEIDI HAPPEL and KENT HAPPEL, her husband, by and through their attorneys, the Law Office of Kenneth Chessick, M.D., and complaining of defendant WALMART PHARMACY, INC., a Delaware corporation d\b\a WALMART PHARMACY (hereinafter referred to as "WALMART"), and state as follows:

### THE PARTIES

1. At the time of the filing of this complaint in September, 2002, plaintiffs HEIDI HAPPEL and KENT HAPPEL are citizens of the State of Texas.

2. At the time of the filing of this complaint in September, 2002, defendant WALMART was a Delaware corporation which is neither incorporated nor has its principal place of business in the State of Texas.

### JURISDICTION AND VENUE

3. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. Sec. 1332 and the laws of the United States of America.

4. Venue is proper in this District pursuant to 28 U.S.C. Sec 1391, because claims made herein arose in this District.

5. Complete diversity exists between all of the plaintiffs and the defendant.

6. On September 30, 1994, plaintiffs filed Complaint 94L12400 in the Circuit Court of Cook County, Illinois, against this defendant.

1

7. On August 20, 2002, Order granting Plaintiffs' Motion for Voluntary Dismissal against this defendants was entered in the Circuit Court of McHenry County, Illinois, attached herein as Exhibit A.

8. The filing of this action is within one year of the granting of plaintiffs' Voluntary Dismissal against this defendant.

## FACTUAL ALLEGATIONS

9. On or about August 4, 1993, and thereafter, defendant WALMART was a corporation, authorized to do business in the State of Illinois and doing business in the County of Cook and State of Illinois with its Registered Agent in Cook County, Illinois.

10. At all times relevant hereto, defendant WALMART held itself out as a corporation properly equipped and staffed to offer the general public pharmacy services to persons such as plaintiff HEIDI HAPPEL and whose Rules and Regulations and Policies and Procedures established certain standards of competence and required that such rules, regulations, policies and procedures be followed by pharmacists and allied pharmacy personnel who practice within its pharmacy facilities.

11. At all times relevant hereto, defendant WALMART's pharmacists, technicians, assistants, and related personnel held themselves out to the public as pharmacists, technicians, assistants, and related personnel, reasonably skilled in the practice of pharmacy and pharmacology.

12. On August 4, 1993, Florence Bowser, Judith Grauman, and Steven Odes were employees, agents, and servants of defendant WALMART and under its direction and control.

13. Prior to August 4, 1993, defendant WALMART had actual knowledge that plaintiff HEIDI HAPPEL was allergic to aspirin and ibuprofen, a class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDS), from prior interactions between defendant WALMART and plaintiff HEIDI HAPPEL.

14. On August 4, 1993, defendant WALMART, through its employees, agents, and servants, had a telephone discussion in which a physician, Dr. Ted Lorenc, prescribed Toradol for plaintiff HEIDI HAPPEL.

15. At all times relevant hereto, defendant WALMART's pharmacists, technicians, assistants, and related personnel had a duty to possess the knowledge and apply the skill of reasonably well qualified pharmacists, technicians, assistants, and related personnel in providing services to plaintiff HEIDI HAPPEL.

2

16. Toradol is a member of the class of drugs known as NSAID.

17. On August 4, 1993, defendant WALMART used a computer warning system that warned of drug interactions with a flashing screen, and operated such that the operator was not able to print the label for the bottle or the bill for the customer without the program being overridden by a pharmacist.

18. On August 4, 1993, defendant WALMART had a policy and procedure that a drug interaction warning would not be overridden by the pharmacist without the pharmacist contacting the prescribing doctor and informing them of the warning.

19. On August 4, 1993, defendant WALMART's computer warning system flashed a warning of drug interaction or contraindication regarding the prescription of Toradol for plaintiff HEIDI HAPPEL, because Toradol is in the same class of medications (NSAID) as HEIDI HAPPEL's previously reported allergies.

20. On August 4, 1993, and thereafter, defendant WALMART did not inform, advise, warn or caution Dr. Ted Lorenc about the computer warning or that the medication Toradol should not be taken by any individual with a history of previous sensitivity to aspirin or with the complete or partial syndrome of bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs.

21. On August 4, 1993, and thereafter, defendant WALMART did not inform, advise, warn or caution Dr. Ted Lorenc about the computer warning or that the medication Toradol should not be prescribed to plaintiff HEIDI HAPPEL.

22. Plaintiff KENT HAPPEL is the husband of plaintiff HEIDI HAPPEL and was her husband on all aforesaid relevant dates.

23. Plaintiff KENT HAPPEL presented himself to employees, agents and servants of defendant WALMART on August 4, 1993, to pick up the medication prescribed by Dr. Ted Lorenc for plaintiff HEIDI HAPPEL, at which time plaintiff KENT HAPPEL again informed defendant WALMART that plaintiff HEIDI HAPPEL was allergic to aspirin, Ibuprofen, and Tylenol, and asked whether plaintiff HEIDI HAPPEL could safely take the drug Toradol.

24. On August 4, 1993, defendant WALMART intentionally did not inform, advise, warn or caution prescribing physician, Dr. Ted Lorenc, about the computer warnings or that the medication Toradol should not be prescribed to plaintiff HEIDI HAPPEL.

25. On August 4, 1993, defendant WALMART intentionally did not inform, advise, warn or caution plaintiff KENT HAPPEL about the computer warnings or that the medication Toradol should not be prescribed to plaintiff HEIDI HAPPEL.

26. On August 4, 1993, defendant WALMART intentionally and affirmatively told plaintiff KENT HAPPEL that the medication Toradol could be safely ingested by plaintiff HEIDI HAPPEL.

27. On August 4, 1993, defendant WALMART intentionally overrode the computer warning program and intentionally dispensed and released the medication Toradol to plaintiff KENT HAPPEL.

28. On August 4, 1993, defendant WALMART intentionally overrode the computer warning program and intentionally dispensed and released the medication Toradol to plaintiff KENT HAPPEL without any warnings, cautions or instructions that Toradol should not be taken by any individual with a history of previous sensitivity to aspirin or with the complete or partial syndrome of asthmatic or bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs.

29. After taking Toradol on August 4, 1993, plaintiff HEIDI HAPPEL developed wheezing and asthmatic bronchospastic reactivity, following which time she called defendant WALMART on two separate occasions, informed the defendant that she was allergic to aspirin, Ibuprofen, and Tylenol, during which times defendant WALMART informed, advised and assured plaintiff HEIDI HAPPEL that her difficulty breathing was not related to her taking Toradol.

30. Upon dispensing and selling Toradol to plaintiffs KENT HAPPEL and HEIDI HAPPEL and instructing that plaintiff HEIDI HAPPEL could safely take Toradol, despite her history of allergy to aspirin, Ibuprofen, and Tylenol, defendant WALMART had the duty to possess the knowledge and use the skill of a reasonably well qualified pharmacist in providing information and to plaintiff HEIDI HAPPEL.

31. On and prior to August 4, 1993, the medication TORADOL was not to be dispensed to or used in individuals with the complete or partial syndrome of nasal polyps, angioedema, and bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs.

32. As a direct and proximate result of the following negligent and intentional acts or omissions of defendant WALMART, plaintiff HEIDI HAPPEL has suffered permanent injury and damage to her lungs and central nervous system, including anaphylactic shock, acute and chronic respiratory failure, exacerbation of multiple sclerosis, seizures, memory loss, motor and sensory nerve loss; pain and suffering; necessary help; disability and

disfigurement; lost wages, benefits, and economic and educational opportunities; she has required and will require future rehabilitation including surgery and procedures; she has incurred in the past and will incur in the future significant monetary expenses.

## COUNT I: NEGLIGENCE

33. On August 4, 1993, defendant WALMART, through its employees, agents, and servants, did breach its aforesaid duty to plaintiff HEIDI HAPPEL, through one or more of the following negligent acts and/or omissions:

    (a) dispensed Toradol to the plaintiffs; and\or,

    (b) overrode the computer warning system in order to dispense Toradol to the plaintiffs; and\or,

    (c) did not advise Dr. Lorenc that Toradol should not be prescribed to the plaintiff; and\or,

    (d) did not advise plaintiffs that Toradol should not be prescribed to the plaintiff; and\or,

    (e) did not advise plaintiffs that Toradol should not be taken by HEIDI HAPPEL; and\or,

    (f) told plaintiffs that Toradol could safely be taken by HEIDI HAPPEL; and\or,

    (g) did not advise plaintiffs that Toradol should not be used in individuals with the complete or partial syndrome of nasal polyps, angioedema, and bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs; and/or,

    (h) established policies and procedures which permitted Toradol to be dispensed despite actual knowledge that the drug should not be taken by HEIDI HAPPEL without necessary safeguards.

34. The care and treatment rendered to Plaintiff HEIDI HAPPEL by defendant WALMART did not meet the standard of care which could reasonably have been expected for a patient such as the plaintiff.

WHEREFORE, plaintiff HEIDI HAPPEL sues defendant WALMART and PRAYS judgment in such amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) which shall adequately compensate the plaintiff for the losses and damages sustained, plus the costs of this law suit.

## COUNT II
## LOSS OF SOCIETY: KENT HAPPEL

35. As a direct and proximate result of the negligent aforesaid acts or omissions of defendant WALMART, plaintiff KENT HAPPEL has lost the support, aid, comfort, society and services of his spouse, plaintiff HEIDI HAPPEL.

WHEREFORE, plaintiff KENT HAPPEL sues defendant WALMART and PRAYS judgment in such amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) as shall adequately compensate the plaintiffs for the losses and damages sustained, plus the costs of this law suit.

## COUNT III
## INTENTIONAL MISCONDUCT- WALMART

36. On August 4, 1993, defendant WALMART, through its employees, agents, and servants, committed intentional acts which it knew to substantial certainty would cause dangerous and potentially lethal injuries to Plaintiff, through one or more of the following acts and/or omissions:

   (a) dispensed Toradol to the plaintiffs; and\or,

   (b) overrode the computer warning system in order to dispense Toradol to the plaintiffs; and\or,

   (c) did not advise Dr. Lorenc that Toradol should not be prescribed to the plaintiff; and\or,

   (d) did not advise plaintiffs that Toradol should not be prescribed to the plaintiff; and\or,

   (e) did not advise plaintiffs that Toradol should not be taken by HEIDI HAPPEL; and\or,

   (f) told plaintiffs that Toradol could safely be taken by HEIDI HAPPEL; and\or,

   (g) did not advise plaintiffs that Toradol should not be used in individuals with the complete or partial syndrome of nasal polyps, angioedema, and bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs; and/or,

   (h) established policies and procedures which permitted Toradol to be dispensed despite actual knowledge that the drug should not be taken by HEIDI HAPPEL without necessary safeguards.

6

37. As a direct and proximate result of the intentional aforesaid acts and omissions of defendant WALMART, plaintiff HEIDI HAPPEL has suffered permanent injury and damage to her lungs and central nervous system, including anaphylactic shock, acute and chronic respiratory failure, exacerbation of multiple sclerosis, seizures, memory loss, motor and sensory nerve loss; pain and suffering; necessary help; disability and disfigurement; she has required and will require future rehabilitation including surgery and procedures; she has incurred in the past and will incur in the future significant monetary expenses.

WHEREFORE, plaintiff HEIDI HAPPEL sues defendant WALMART and PRAYS judgment in such amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) which shall adequately punish defendant WALMART, deter such conduct in the future, and compensate the plaintiffs for the losses and damages sustained, plus the costs of this law suit.

Respectfully Submitted,

_____
Attorney for Plaintiffs

Law Office of KENNETH C. CHESSICK, M.D.
Attorney for Plaintiff
1870 N. Roselle Road, Suite 104
Schaumburg, IL 60195
(847) 843-8044