

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7771 | **DATE** | 6/30/2003 |
| **CASE TITLE** | Heide Happel et al. Vs. Wal-Mart Stores, Inc. etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons above, Wal-Mart's motion to dismiss is granted and plaintiffs' claim for intentional misconduct is dismissed without prejudice. Wal-Mart's motion to strike is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 2 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUL -1 PH 12: 20 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDE HAPPEL and KENT HAPPEL, her )
husband, )
)
Plaintiffs, )
)
vs. ) No. 02 C 7771
)
WAL-MART STORES, INC., a Delaware )
corporation, d/b/a WAL-MART PHARMACY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Heidi Happel and Kent Happel brought this action against defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart Pharmacy (Wal-Mart), alleging negligence, loss of society and intentional misconduct. Wal-Mart moves to dismiss plaintiffs' intentional misconduct claim and moves to strike portions of the complaint. For the following reasons, Wal-Mart's motion to dismiss is granted and its motion to strike is denied.

## BACKGROUND

On August 4, 1993, Kent Happel went to a Wal-Mart pharmacy and picked up a prescription of Toradol for his wife Heidi. The prescription had been phoned in earlier that day by a Dr. Torrence Lorenc. Wal-Mart allegedly knew at that time that Heidi was allergic to aspirin and ibuprofen, a class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDS). When Heidi's prescription information was entered into the computer system a warning allegedly appeared showing that Toradol was a NSAID and that Heidi was allergic to the medication. According to the complaint, a Wal-Mart prescription label and bill cannot be printed when there is a computer warning unless a pharmacist overrides the system, and

store policy requires a pharmacist to call the prescribing doctor before taking this step. This protocol was allegedly not followed in dispersing the Toradol to Heidi.

After taking the medication plaintiff called Wal-Mart, informed them that she was experiencing breathing problems, and reminded them that she was allergic to NSAID. She was allegedly assured that her breathing problems were not related to taking the prescription. Plaintiffs claim that Heidi suffered long-term medical problems as a result of taking the Toradol.

Prior to coming to this court, plaintiffs brought a negligence suit based on the same facts in the Illinois Circuit Court of Cook County. That case was transferred to the Circuit Court of McHenry County. On September 17, 1999, the McHenry court denied plaintiffs' motion to amend their complaint to add claims for punitive damages and granted summary judgment in favor of Wal-Mart. The Second District Court of Appeals reversed summary judgment but affirmed the denial of plaintiffs' motion to amend their complaint. Happel v. Wal-Mart Stores, Inc., 316 Ill.App.3d 621, 630, 737 N.E.2d 650, 657 (2d Dist. 2000). Wal-Mart appealed the reversal of summary judgment to the Supreme Court of Illinois, which in turn affirmed the appeals court decision. 199 Ill.2d 179 (2002). After a voluntary dismissal, plaintiffs refiled the action in the Circuit Court of Cook County and Wal-Mart removed the case to this court.

## DISCUSSION

Wal-Mart's motion to dismiss, brought under Fed.R.Civ.P. 12(b)(6), relies on information contained in 13 exhibits attached to its motion. Generally, if a court considers material attached to a motion to dismiss, the motion becomes one for summary judgment.

Marques v. Federal Bank of Chicago, 286 F.3d 1014 (7th Cir. 2002). At the same time, a court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994). Here, all of Wal-Mart's attachments are publicly-recorded papers from prior court proceedings. They meet the public records exception and we consider them in deciding this motion to dismiss.

Wal-mart first argues that plaintiffs' intentional misconduct claim is barred by the law-of-the-case doctrine. In the state proceedings, the trial court denied plaintiffs' motion to include a claim of willful and wanton misconduct, and in a separate order denied their motion to include claims of battery and fraud. Neither of the orders expounds on the reasoning behind the holdings, instead stating the holding without explanation. In affirming the trial court, the Second District states:

> On August 9, 1999, plaintiffs filed an amended motion for leave to amend their pleadings. This time, the amended complaint included count III for battery and count IV for fraud; plaintiffs did not include any count or allegations of wilful and wanton misconduct, nor did they incorporate that count by reference to any earlier pleadings ... plaintiffs have waived their contentions concerning wilful and wanton misconduct.
> 　　We also find that the trial court did not abuse its discretion in refusing plaintiffs leave to amend their complaint to include counts for battery and fraud. To allege battery, the plaintiff must allege that the defendant intended to cause a harmful or offensive contact and that a harmful or offensive conduct resulted *(citations omitted)*. Plaintiffs' battery claim is fatally defective, as it fails to include a proper allegation of intent. These allegations fall short of the knowing or intentional conduct required to support a claim for battery.... Plaintiffs' claim of fraud is again fatally defective, as they have alleged, at best, that the purported misrepresentation was recklessly made, not intentionally.

Happel v. Wal-Mart Stores, Inc., 737 N.E.2d 650, 657-658 (2000).

Plaintiffs did not appeal this decision.

Under the law-of-the-case doctrine, any issue that is expressly or impliedly decided is binding in subsequent proceedings before the deciding court or a lower court. Roboserve, Inc. v. Kato Kagaku Co., Ltd., 936 F.Supp. 522, 524 (N.D.Ill. 1996). The doctrine should only be applied if an issue is actually and clearly decided. *Id.* We are at a disadvantage, then, not knowing the grounds of the trial court's denials of plaintiffs' motions to amend. What is left is the appeals court decision. It held that the complaint did not include factual allegations of intentional conduct and as such could not support the intentional tort claims. But there is nothing in the state decisions that expressly or impliedly decides that plaintiffs' claims, if amended to include factual allegations of intentional wrongdoing, would fail.[1]

Wal-Mart next argues that plaintiffs' intentional misconduct claim is a healing arts malpractice claim for which punitive damages are not available. The Illinois Code of Civil Procedure provides that "[i]n all cases, whether tort, contract or otherwise, in which the Plaintiff seeks damages by reason of legal, medical, hospital, or other healing art malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed." 735 ILCS 5/2-1115. The term "healing art malpractice" is broad in its scope and not limited to health professionals. Lyon v. Hasbro Industries, Inc., 156 Ill.App.3d 649, 654, 509 N.E.2d 702, 706 (4th Dist. 1987) *citing* Bernier v. Burris, 113 Ill.2d 219 (1986).

Plaintiffs assert that this provision is not applicable because Wal-Mart is not a physician, hospital or clinic, protected by the Healing Arts Malpractice Act (HAMA). In general, pharmacists filling prescriptions are shielded from negligence actions under the

---

[1] Wal-Mart alternatively argues that plaintiffs' claim is barred by collateral estoppel. As with law-of-the-case, collateral estoppel relies on a finding that the same issue that was decided in the prior adjudication is now before this court. Having found that the question before us was not definitely addressed by the earlier proceedings, collateral estoppel is not applicable.

rationale that pharmacists should not be responsible for the choices made by prescribing physicians, without having a physician's knowledge of each patient. *See e.g.* Fakhouri v. Taylor, 248 Ill.App.3d 328, 618 N.E.2d 518 (1993); Eldridge v. Eli Lilly & Co., 138 Ill.App.3d 124, 485 N.E.2d 551 (1985). Plaintiffs argue that since pharmacists are already provided this protection from legal action, there is no basis for invoking the HAMA. But plaintiffs' negligence claim relies on the proposition that Wal-Mart had a duty to warn them of the prescription's contraindications. In recognizing this duty to warn, we are requiring that Wal-Mart play a more active role in the prescription process. The flip side of this requirement is that Wal-Mart can avail itself of the protection of the HAMA. Plaintiffs' negligence claim, at least, is subject to the limitations of section 2-1115.

But what of a claim of intentional misconduct? A complaint may contain both a malpractice claim subject to the limitations of the HAMA and also an intentional tort claim for which punitive damages are recoverable. Grant v. Petroff, 291 Ill.App.3d 795, 805. 684 N.E.2d 1020, 1027 (5th Dist. 1997). We agree with defendants, however, that it is not clear from the complaint which intentional tort plaintiffs are trying to plead. We accordingly dismiss count III without prejudice and give plaintiffs the opportunity to plead a recognizable intentional tort. We do so with a recognition that the prior state court decisions do have a bite. We are bound by state law, and here the state courts, particularly the appellate court, have made explicit rulings respecting the reach (or, more particularly, the lack of reach) of state law to the circumstances presented. It is not enough that something was recklessly done or not done. It is not enough that the prescription was dispensed because, somehow, there was a system failure or the pharmacist was inattentive. Someone dispensing the prescription must

have been aware that Toradol would cause or was likely to cause harm to plaintiff and, nevertheless, dispensed the prescription with the intent to cause her harm, or being fully aware that there was a substantial certainty that harm would result. The state court rulings require a proof of a subjective intent, a very high threshold indeed.

Wal-Mart has also moved to strike portions of the complaint which make reference to intentional misconduct, arguing that if this is an action for negligence, then any intentional conduct is irrelevant. But whether any of the alleged wrongdoing was committed intentionally, is relevant to whether Wal-Mart used reasonable care in filling Heidi's prescription. This is a distinct issue from whether plaintiffs have stated a sufficient intentional tort claim, and the dismissal of count III does not require removing any language from the remaining allegations.

## CONCLUSION

For the reasons above, Wal-Mart's motion to dismiss is granted and plaintiffs' claim for intentional misconduct is dismissed without prejudice. Wal-Mart's motion to strike is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jun 30, 2003.