IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

**FILED**
JUL 2 4 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HEIDI HAPPEL and KENT HAPPEL, her husband,
)
)
Plaintiffs,
)
vs.
)
Case No. 02 C 7771
)
Judge MORAN
WAL-MART STORES, INC., a Delware corporation, d/b/a WAL-MART PHARMACY
)
)
Defendants.
)

**DOCKETED**
JUL 2 5 2003

## NOTICE OF FILING

TO: See attached service list

YOU ARE HEREBY NOTIFIED that on the 24th day of **July**, 2003, there was caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Illinois, **Plaintiffs' Second Amended Federal Complaint at Law**, a copy of which is attached hereto and duly served upon you.

_____
One of Plaintiffs' Attorneys

## PROOF OF SERVICE

The undersigned, a non-attorney, being first duly sworn upon oath, states and deposes that she served a copy of the forgoing Notice of Motion and its attachment(s) upon all counsel of record by depositing same in the U.S. mail on this 24 day of July, 2003.

_____

Subscribed and sworn to before me
on this 24 day of July, 2003.

_____
Notary Public

OFFICIAL SEAL
DAWN M. ALIG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-1-2007

LAW OFFICE OF KENNETH C. CHESSICK, M.D.
1870 North Roselle Road, Suite 104
Schaumburg, Illinois 60195
(847) 843-8044

31

## SERVICE LIST

Happel v. WalMart
Case No: 02 L 012341
        02 C 7771

<u>Attorneys for Defendant Walmart Pharmacy:</u>
Mark Monroe
James McCluskey
P. Timothy Crandchamp
George M. Bebble
Steve B. Ekker
MOMKUS, MCCLUSKY, MCANDREW & MONROE, LLC.
3051 Oak Grove Drive
Downers Grove, Illinois 60515
(630) 434-0400
(630) 434-0444 (fax)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
JUL 2 4 2003 *rq*
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 2 5 2003

HEIDI HAPPEL and KENT HAPPEL, her )
husband, )
        Plaintiffs, )
)
vs. )   02C 7771
)   Judge Moran
WALMART STORES, INC, a Delaware )
corporation, d\b\a WALMART PHARMACY )
        Defendants. )

## SECOND AMENDED FEDERAL COMPLAINT AT LAW

NOW COME plaintiffs HEIDI HAPPEL and KENT HAPPEL, her husband, by and through their attorneys, the Law Office of Kenneth Chessick, M.D., and complaining of defendant WALMART PHARMACY, INC., a Delaware corporation d\b\a WALMART PHARMACY (hereinafter referred to as "WALMART"), and state as follows:

### THE PARTIES

1. At the time of the filing of this complaint in September, 2002, plaintiffs HEIDI HAPPEL and KENT HAPPEL are citizens of the State of Texas.

2. At the time of the filing of this complaint in September, 2002, defendant WALMART was a Delaware corporation which is neither incorporated nor has its principal place of business in the State of Texas.

### JURISDICTION AND VENUE

3. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. Sec. 1332 and the laws of the United States of America.

4. Venue is proper in this District pursuant to 28 U.S.C. Sec 1391, because claims made herein arose in this District.

5. Complete diversity exists between all of the plaintiffs and the defendant.

31

6. On September 30, 1994, plaintiffs filed Complaint 94L12400 in the Circuit Court of Cook County, Illinois, against this defendant.

7. On August 20, 2002, Order granting Plaintiffs' Motion for Voluntary Dismissal against this defendants was entered in the Circuit Court of McHenry County, Illinois, attached herein as Exhibit A.

8. The filing of this action is within one year of the granting of plaintiffs' Voluntary Dismissal against this defendant.

## FACTUAL ALLEGATIONS

9. On or about August 4, 1993, and thereafter, defendant WALMART was a corporation, authorized to do business in the State of Illinois and doing business in the County of Cook and State of Illinois with its Registered Agent in Cook County, Illinois.

10. At all times relevant hereto, defendant WALMART held itself out as a corporation properly equipped and staffed to offer the general public pharmacy services to customers such as plaintiff HEIDI HAPPEL and whose Rules and Regulations and Policies and Procedures established certain standards of competence and required that such rules, regulations, policies and procedures be followed by its employees, including pharmacists and allied pharmacy personnel who work within WALMART's facilities.

11. At all times relevant hereto, defendant WALMART's pharmacists, technicians, assistants, and related personnel held themselves out to the public as pharmacists, technicians, assistants, and related personnel, reasonably skilled in the practice of pharmacy and pharmacology.

12. On August 4, 1993, Florence Bowser, Judith Grauman, and Steven Odes were employees, agents, and servants of defendant WALMART and under its direction and control.

13. Prior to August 4, 1993, defendant WALMART was informed by its customer, plaintiff HEIDI HAPPEL, that she was allergic to aspirin and ibuprofen and other similar drugs of its class.

2

14. Prior to August 4, 1993, defendant WALMART had actual knowledge that its customer, plaintiff HEIDI HAPPEL, was allergic to a class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDS), which includes aspirin and ibuprofen, from these prior interactions between defendant WALMART and its customer, plaintiff HEIDI HAPPEL.

15. On August 4, 1993, defendant WALMART, through its employees, agents, and servants, had a telephone discussion with a physician, Dr. Ted Lorenc, who prescribed Toradol for his patient, plaintiff HEIDI HAPPEL.

16. At all times relevant hereto, defendant WALMART's pharmacists, technicians, assistants, and related personnel had a duty to possess the knowledge and apply the skill of reasonably well qualified pharmacists, technicians, assistants, and related personnel in providing services to its customer, plaintiff HEIDI HAPPEL.

17. At all relevant times herein, Toradol was a member of the class of drugs known as NSAIDS.

18. At all relevant times herein, defendant WALMART had actual knowledge that Toradol was a member of the class of drugs known as NSAIDS.

19. On August 4, 1993, defendant WALMART used a computer warning system that warned of drug interactions with a flashing screen, and operated such that the operator was not able to print the label for the bottle or the bill for its customer without the program being manually overridden by a pharmacist.

20. On August 4, 1993, defendant WALMART had a policy and procedure that a drug interaction warning would not be overridden by the pharmacist unless the pharmacist contacted the prescribing doctor and informed the doctor of the interaction warning.

21. On August 4, 1993, defendant WALMART's computer warning system flashed a warning of drug interaction or contraindication regarding the prescription of Toradol for its customer, plaintiff HEIDI HAPPEL, because Toradol is in the same class of medications (NSAIDS) as HEIDI HAPPEL's previously reported allergies.

22. On August 4, 1993, defendant WALMART had actual knowledge that ingestion of Toradol by its customer, plaintiff HEIDI HAPPEL, would certainly cause a severe allergic reaction and injury, including anaphylaxis and possible death.

3

23. On August 4, 1993, and thereafter, defendant WALMART did not inform, advise, warn or caution Dr. Ted Lorenc that the medication Toradol should not be taken by plaintiff HEIDI HAPPEL, because of her personal history of previous sensitivity to aspirin and prior episodes of bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs.

24. On August 4, 1993, and thereafter, defendant WALMART intentionally and/or recklessly did not inform, advise, warn or caution Dr. Ted Lorenc about the computer warning or that the medication Toradol should not be taken by plaintiff HEIDI HAPPEL, because of her personal history of previous sensitivity to aspirin and prior episodes of bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs.

25. On August 4, 1993, and thereafter, defendant WALMART intentionally and/or recklessly did not inform, advise, warn or caution Dr. Ted Lorenc that the medication Toradol should not be prescribed to its customer, plaintiff HEIDI HAPPEL.

26. On August 4, 1993, and thereafter, defendant WALMART intentionally and/or recklessly did not inform, advise, warn or caution Dr. Ted Lorenc about the computer warning or that the medication Toradol should not be prescribed to its customer, plaintiff HEIDI HAPPEL.

27. Plaintiff KENT HAPPEL is the husband of plaintiff HEIDI HAPPEL and was her husband on all aforesaid relevant dates.

28. Plaintiff KENT HAPPEL presented himself to employees, agents and servants of defendant WALMART on August 4, 1993, to pick up the medication prescribed by Dr. Ted Lorenc for plaintiff HEIDI HAPPEL, at which time plaintiff KENT HAPPEL again informed defendant WALMART that its customer, plaintiff HEIDI HAPPEL, was allergic to aspirin, Ibuprofen, and Tylenol, and asked whether its customer, plaintiff HEIDI HAPPEL, could safely take the drug Toradol.

29. On August 4, 1993, after the statements made by plaintiff KENT HAPPEL informing defendant WALMART of the allergies of its customer, plaintiff HEIDI HAPPEL, to NSAIDS drugs, defendant WALMART again had actual knowledge that ingestion of Toradol by its customer, HEIDI HAPPEL, would certainly cause a severe allergic reaction and injury, including anaphylaxis and possible death.

4

30. On August 4, 1993, despite its actual knowledge that ingestion of Toradol by its customer, HEIDI HAPPEL, would certainly cause a severe allergic reaction and injury, including anaphylaxis and possible death, defendant WALMART intentionally and/or recklessly told plaintiff KENT HAPPEL that the medication Toradol could be safely ingested by its customer, plaintiff HEIDI HAPPEL.

31. On August 4, 1993, despite its actual knowledge that ingestion of Toradol by its customer, HEIDI HAPPEL, would certainly cause a severe allergic reaction and injury, including anaphylaxis and possible death, defendant WALMART intentionally and/or recklessly overrode the computer warning program and dispensed and released the medication Toradol for its customer, HEIDI HAPPEL, to plaintiff KENT HAPPEL.

32. On August 4, 1993, despite its actual knowledge that ingestion of Toradol by its customer, HEIDI HAPPEL, would certainly cause a severe allergic reaction and injury, including anaphylaxis and possible death, defendant WALMART intentionally and/or recklessly overrode the computer warning program and intentionally dispensed and released the medication Toradol to plaintiff KENT HAPPEL without any warnings, cautions or instructions that Toradol should not be taken by its customer, plaintiff HEIDI HAPPEL.

33. At all relevant times herein, defendant WALMART intentionally caused its customer, plaintiff HEIDI HAPPEL, to receive and ingest a drug to which it had actual knowledge that she was allergic.

34. At all relevant times herein, plaintiff HEIDI HAPPEL did not consent to receiving and ingesting a medication to which she was known to be allergic, including Toradol.

35. After taking Toradol on August 4, 1993, plaintiff HEIDI HAPPEL developed wheezing and asthmatic bronchospastic reactivity, following which time she called defendant WALMART on two separate occasions and informed defendant WALMART that she was allergic to aspirin, Ibuprofen, and Tylenol, and asked if her symptoms could be related to the Toradol.

36. During these two telephone calls from its customer, plaintiff HEIDI HAPPEL, despite its actual knowledge that ingestion of Toradol by its customer, HEIDI HAPPEL, would certainly cause a severe allergic reaction and injury, including anaphylaxis and possible death, defendant WALMART intentionally and/or recklessly informed, advised and assured its customer, plaintiff HEIDI HAPPEL, that her difficulty breathing was not related to her taking Toradol.

5

37. Upon dispensing and selling Toradol to plaintiffs KENT HAPPEL and HEIDI HAPPEL and instructing that plaintiff HEIDI HAPPEL could safely take Toradol, despite her history of allergy to aspirin, Ibuprofen, and Tylenol, defendant WALMART had the duty to possess the knowledge and use the skill of a reasonably well qualified pharmacist in providing information and to plaintiff HEIDI HAPPEL.

38. On and prior to August 4, 1993, the medication TORADOL was not to be dispensed to or used in individuals with the complete or partial syndrome of nasal polyps, angioedema, and bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs.

39. At all relevant times herein, defendant WALMART intentionally caused its customer, plaintiff HEIDI HAPPEL, to continue ingesting a drug to which it had actual knowledge that she was allergic.

40. As a direct and proximate result of its negligent, reckless, and/or intentional acts or omissions of defendant WALMART, plaintiff HEIDI HAPPEL has suffered permanent injury and damage to her lungs and central nervous system, including anaphylactic shock, acute and chronic respiratory failure, exacerbation of multiple sclerosis, seizures, memory loss, motor and sensory nerve loss; pain and suffering; necessary help; disability and disfigurement; lost wages, benefits, and economic and educational opportunities; she has required and will require future rehabilitation including surgery and procedures; she has incurred in the past and will incur in the future significant monetary expenses.

## COUNT I: NEGLIGENCE

41. On August 4, 1993, defendant WALMART, through its employees, agents, and servants, did breach its aforesaid duty to its customer, plaintiff HEIDI HAPPEL, through one or more of the following negligent acts and/or omissions:

    (a) dispensed Toradol to the plaintiffs; and\or,

    (b) overrode the computer warning system in order to dispense Toradol to the plaintiffs; and\or,

    (c) did not advise or reveal to Dr. Lorenc that Toradol should not be prescribed to the plaintiff; and\or,

(d) did not advise plaintiffs that Toradol should not be prescribed to the plaintiff; and\or,

(e) did not advise plaintiffs that Toradol should not be taken by HEIDI HAPPEL; and\or,

(f) told plaintiffs that Toradol could safely be taken by HEIDI HAPPEL; and\or,

(g) did not advise plaintiffs that Toradol should not be used in individuals with the complete or partial syndrome of nasal polyps, angioedema, and bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs; and/or,

(h) did not advise plaintiff to cease taking Toradol after being called and informed of HEIDI HAPPEL's symptoms; and/or,

(i) did not instruct plaintiff to go immediately to the emergency room or call her physician after being called and informed of HEIDI HAPPEL's symptoms; and/or,

(j) established policies and procedures which permitted Toradol to be dispensed despite actual knowledge that the drug should not be taken by HEIDI HAPPEL without necessary safeguards.

42. The care and treatment rendered to Plaintiff HEIDI HAPPEL by defendant WALMART did not meet the standard of care which could reasonably have been expected for a patient such as the plaintiff.

WHEREFORE, plaintiff HEIDI HAPPEL sues defendant WALMART and PRAYS judgment in such amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) which shall adequately compensate the plaintiff for the losses and damages sustained, plus the costs of this law suit.

## COUNT II
## LOSS OF SOCIETY: KENT HAPPEL

43. As a direct and proximate result of the negligent aforesaid acts or omissions of defendant WALMART, plaintiff KENT HAPPEL has lost the support, aid, comfort, society and services of his spouse, plaintiff HEIDI HAPPEL.

7

WHEREFORE, plaintiff KENT HAPPEL sues defendant WALMART and PRAYS judgment in such amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) as shall adequately compensate the plaintiffs for the losses and damages sustained, plus the costs of this law suit.

## COUNT III
## WILFUL and WANTON MISCONDUCT- WALMART

44. On August 4, 1993, defendant WALMART, through its employees, agents, and servants, committed acts which it knew to substantial certainty would cause dangerous and potentially lethal injuries to Plaintiff, in utter indifference or conscious disregard for Plaintiff's health and safety, through one or more of the following acts and/or omissions:

   (a) dispensed Toradol to the plaintiffs; and\or,

   (b) overrode the computer warning system in order to dispense Toradol to the plaintiffs; and\or,

   (c) did not advise or reveal to Dr. Lorenc that Toradol should not be prescribed to the plaintiff; and\or,

   (d) did not advise plaintiffs that Toradol should not be prescribed to the plaintiff; and\or,

   (e) did not advise plaintiffs that Toradol should not be taken by HEIDI HAPPEL; and\or,

   (f) told plaintiffs that Toradol could safely be taken by HEIDI HAPPEL; and\or,

   (g) did not advise plaintiffs that Toradol should not be used in individuals with the complete or partial syndrome of nasal polyps, angioedema, and bronchospastic reactivity to aspirin or other nonsteroidal anti-inflammatory drugs; and/or,

   (h) did not advise plaintiff to cease taking Toradol after being called and informed of HEIDI HAPPEL's symptoms; and/or,

(i) did not instruct plaintiff to go immediately to the emergency room or call her physician after being called and informed of HEIDI HAPPEL's symptoms; and/or,

(j) established policies and procedures which permitted Toradol to be dispensed despite actual knowledge that the drug should not be taken by HEIDI HAPPEL without necessary safeguards.

45. As a direct and proximate result of the wilful and wanton aforesaid acts and omissions of defendant WALMART, plaintiff HEIDI HAPPEL has suffered permanent injury and damage to her lungs and central nervous system, including anaphylactic shock, acute and chronic respiratory failure, exacerbation of multiple sclerosis, seizures, memory loss, motor and sensory nerve loss; pain and suffering; necessary help; disability and disfigurement; she has required and will require future rehabilitation including surgery and procedures; she has incurred in the past and will incur in the future significant monetary expenses.

WHEREFORE, plaintiff HEIDI HAPPEL sues defendant WALMART and PRAYS judgment in such amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) which shall adequately punish defendant WALMART, deter such conduct in the future, and compensate the plaintiffs for the losses and damages sustained, plus the costs of this law suit.

## COUNT IV
## BATTERY - WALMART

46. On August 4, 1993, defendant WALMART, through its employees, agents, and servants, committed the following intentional acts:

(a) dispensed Toradol to the plaintiffs; and\or,

(b) caused plaintiff to ingest Toradol; and/or,

(c) after receiving telephone information that plaintiff had symptoms of an allergic reaction to Toradol encouraged and caused plaintiff to continue ingesting Toradol.

47. As a direct and proximate result of the intentional aforesaid acts and omissions of defendant WALMART, plaintiff HEIDI HAPPEL has suffered permanent injury and damage to her lungs and central nervous system, including

9

anaphylactic shock, acute and chronic respiratory failure, exacerbation of multiple sclerosis, seizures, memory loss, motor and sensory nerve loss; pain and suffering; necessary help; disability and disfigurement; she has required and will require future rehabilitation including surgery and procedures; she has incurred in the past and will incur in the future significant monetary expenses.

WHEREFORE, plaintiff HEIDI HAPPEL sues defendant WALMART and PRAYS judgment in such amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) which shall adequately punish defendant WALMART, deter such conduct in the future, and compensate the plaintiffs for the losses and damages sustained, plus the costs of this law suit.

Respectfully Submitted,

_____
Attorney for Plaintiffs

Law Office of KENNETH C. CHESSICK, M.D.
Attorney for Plaintiff
1870 N. Roselle Road, Suite 104
Schaumburg, IL 60195
(847) 843-8044