# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7771 | **DATE** | 2/3/2004 |
| **CASE TITLE** | HEIDI HAPPEL vs. WAL-MART STORES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to dismiss is denied. Plaintiffs' motion in support of a qualified protective order is granted in part; defendant's motion to compel discovery compliance is granted in part, and its motion to strike plaintiffs' objections is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB - 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 45 |
| ✓ | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDI HAPPEL and KENT HAPPEL, )
her husband, )
)
Plaintiffs, )
)
vs. ) No. 02 C 7771
)
WAL-MART STORES, INC., a Delaware )
corporation, d/b/a WAL-MART PHARMACY, )
)
Defendant. )

FEB - 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Heidi and Kent Happel brought this action against defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart Pharmacy (Wal-Mart) alleging negligence, loss of society, willful and wanton misconduct and battery. Defendant now moves to dismiss Counts II and IV, the claims for willful and wanton conduct and battery, which were added as part of plaintiffs' second amended complaint on July 24, 2003. For the following reasons, defendant's motion is denied. We also order plaintiffs to authorize discovery of Heidi's relevant mental health records, subject to an appropriate protective order.

## BACKGROUND

On August 4, 1993, Kent Happel entered a Wal-Mart pharmacy and picked up a prescription for the drug Toradol, for his wife Heidi, which had been phoned in earlier that day by Dr. Terrence Lorenc. According to plaintiffs, Wal-Mart's computer contained information showing that Heidi was allergic to aspirin and ibuprofen, both in the class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDs). Neither Kent nor Heidi was aware that Toradol was an NSAID, nor had they any reason to believe that Heidi would be

allergic to the medicine.

Plaintiffs allege that Wal-Mart's computer system would have displayed a warning when Kent asked for the Toradol because of Heidi's allergies to other NSAIDs. They further allege that Wal-Mart's computer system will not allow a prescription label to be printed after such a warning, unless the pharmacist manually overrides the system. Also, they allege that store policy prevents the pharmacist from doing so without first speaking to the prescribing physician. Plaintiffs claim that one or more Wal-Mart employee noticed the warning and knew that Toradol would have a harmful effect on Heidi, and printed the prescription, intending to cause her harm. After taking the Toradol, Heidi allegedly suffered severe, long-term medical problems as a result of her allergic reaction to the drug.

Plaintiffs initially brought suit in the Circuit Court of Cook County, Illinois, and that lawsuit was transferred to McHenry County. On April 20, 1999, plaintiffs sought leave to amend their complaint to add a claim for willful and wanton conduct, which motion was denied on July 16, 1999. On August 9, 1999, plaintiffs again sought leave to amend the complaint, this time to add claims for battery and fraud. On September 17, 1999, the court denied their motion, and granted summary judgment in favor of the defendant. On appeal, the appellate court reversed the granting of summary judgment but affirmed the court's denials of leave to amend the complaint, and further ruled that plaintiffs had waived appellate review of their claim for willful and wanton conduct. Happel v. Wal-Mart Stores, Inc., 316 Ill. App. 3d 621, 737 N.E.2d 650 (2nd Dist. 2000). Defendant appealed that decision but it was affirmed by the Illinois Supreme Court. Happel v. Wal-Mart Stores, Inc., 199 Ill. 2d 179, 766 N.E.2d 1118 (2002). On remand, plaintiffs voluntarily dismissed the McHenry County action and refiled this action in Cook County, at which time defendants removed the case to this

court.

Plaintiffs' first amended federal complaint, filed on March 4, 2003, contained a claim for intentional misconduct, which was dismissed on July 2, 2003, on defendant's motion. Happel v. Wal-Mart Sores, Inc., 2003 WL 21518570 (N.D. Ill. 2003). In so doing, this court held that plaintiffs' intentional tort claims were not barred by the state court decisions and offered the plaintiffs the opportunity to state a viable claim for an intentional tort. On July 24, 2003, plaintiffs filed their second amended complaint, adding claims for willful and wanton misconduct and battery.

## DISCUSSION

### Motion to Dismiss

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

At issue is plaintiffs' desire to seek punitive damages. The Illinois Code of Civil Procedure and Healing Arts Malpractice Act (HAMA) impose a duty of care upon Wal-Mart, when it acts as a pharmacist, in exchange for protection from "punitive, exemplary, vindictive or aggravated damages." 735 ILCS 5/2-1115. A plaintiff may state a malpractice claim subject to HAMA's limitations, as well as an intentional tort claim for which punitive damages may

be available. Grant v. Petroff, 291 Ill. App. 3d 795, 805, 684 N.E.2d 1020, 1027 (5th Dist. 1997). Defendant claims that plaintiffs' earlier, unsuccessful attempts to add such intentional torts to their complaint preclude them from now including such claims. This court must give the earlier state court rulings the same effect as would be given by the state courts of Illinois. PaineWebber Inc. v. Farnam, 870 F.2d 1286, 1290 (7th Cir. 1989); 28 U.S.C. § 1738. When an issue of law or fact is argued and decided, the determination is conclusive in any subsequent action between the same parties, as to all subsequent claims. *Id.*

As stated in this court's Memorandum Opinion and Order of July 2, 2003, we are unable to look at the exact reasoning used by the circuit court when denying plaintiffs' motions for leave to amend their complaint. Likewise, the appellate court's decision dealt only with the sufficiency of the battery allegations, finding that plaintiffs did not properly allege intent. Taken together, we cannot say that the state courts precluded the possibility of plaintiffs prevailing on a properly pled complaint for either willful and wanton misconduct or for battery. At no point in this litigation has any court entered a judgement determining the ultimate state of facts or the final rights and responsibilities of the parties that would be binding on subsequent disputes. Garrison v. Community Consol. School Dist. No. 65, 88 Ill. App. 2d 158, 169, 232 N.E.2d 148, 153-54 (1st Dist. 1967).

Defendant contends that the appellate court clearly stated that plaintiffs waived their right to state a claim for willful and wanton misconduct. *See* Happel, 737 N.E.2d at 657. While that opinion is not entirely clear, it appears that the appellate court held only that plaintiffs could not raise any arguments about the willful and wanton misconduct claim as part of that appeal. Nothing in that, or any of the other state court opinions, forecloses the possibility of plaintiffs subsequently attempting to file a new claim for willful and wanton

misconduct. *See* Barnett v. Zion Park Dist., 171 Ill. 2d 378, 384, 665 N.E.2d 808, 811 (1996) (failure to incorporate previously dismissed allegations in the final complaint constitutes waiver of *appellate review* of those claims).

Defendant is correct in its assertion that, even if plaintiffs prevail, the willful and wanton misconduct claim is not sufficient for plaintiffs to recover punitive damages. While state courts in Illinois have never gone as far as the Seventh Circuit, Davis v. U.S., 716 F.2d 418, 426 (7th Cir. 1983) (stating that willful and wanton misconduct is basically a heightened form of negligence), they recognize that willful and wanton misconduct is essentially the same standard as recklessness. Burke v. 12 Rothschild's Liquor Mart, Inc., 148 Ill. 2d 429, 593 N.E.2d 522, 531 (holding, after a lengthy discussion of the meaning of willful and wanton conduct, that such conduct was qualitatively different than negligence and could not be compared to negligence in order to reduce plaintiff's recovery). As stated in this court's order on July 2, 2003, this is not enough to recover punitive damages because of the limitations of HAMA. Plaintiffs do however sufficiently allege the elements of willful and wanton misconduct so as to survive a motion to dismiss.

Finally, defendant argues that plaintiffs fail to properly state a claim for battery because they do not allege actual physical contact and they fail to allege subjective intent. In support of its first contention, defendant does no more than compare the facts of this case to those in Grant, where the court allowed plaintiffs to file a HAMA malpractice claim, along with a battery claim, following an unconsented-to tubal ligation. 291 Ill. App. 3d 795, 684 N.E.2d 1020. This alone is not enough to defeat plaintiffs' claim for battery. We note that while defendant's alleged wrongdoing differs significantly from that in Grant, the parties do not direct us to any cases resolving the issue of whether the alleged conduct was sufficient to

constitute a battery under Illinois law. Because the parties have not substantially briefed this issue we deny, for now, defendant's motion to dismiss the claim.

While denying the motion, we reiterate what we said in our order dated July 2, 2003: plaintiffs bear a heavy burden in proving subjective intent to cause harm. Happel, 2003 WL 21518570 (plaintiffs' allegations require "proof of a subjective intent, a very high threshold indeed"). The sufficiency of plaintiffs' evidence is not the subject of this motion, though it may prove to be at issue in a summary judgment motion. At this stage, plaintiffs sufficiently allege the elements of battery and therefore survive this motion to dismiss.

## Motion for Qualified Protective Order

We next turn to an ongoing discovery dispute surrounding the disclosure of Heidi's medical records to defendant. On March 25, 2003, we granted defendant's motion (without objection by plaintiffs) and directed plaintiffs to sign authorizations giving defendant access to the records. After receiving the authorizations, plaintiffs refused to sign the documents and filed objections to the discovery, arguing that this court lacked authority to order her to sign, and that the authorization forms were over-broad. Defendant then filed motions to strike plaintiffs' objections, and seeking immediate disclosure of the records. It subsequently filed a motion to compel discovery compliance and to revise the discovery plan. Plaintiffs responded by filing a motion seeking a qualified protective order, claiming that such an order was the only appropriate way for defendant to obtain the information.

As the supervisor of discovery, we clearly have the authority to require plaintiffs to sign the authorizations. They cannot bring Heidi's mental health into issue and then refuse access by the defendant to relevant information. Discovery of this information through such authorizations is clearly allowed by both federal and state law. *See* Health Insurance

Portability and Accounting Act of 1996, Pub. L. No. 104-191; 740 ILCS 110/10. We recognize that such information is personal, and should be protected to the greatest extent possible. A protective order, as suggested by plaintiffs, may be the most efficient way to accomplish this. The order plaintiffs seek, however, is far too restrictive, requiring separate authorizations for a great number of relevant documents. Defendant, and its expert witness, must have an adequate opportunity to review Heidi's mental health records, as well as other relevant medical records.

We will therefore enter an appropriate protective order limiting access to the medical records to defendant, and its experts, and limiting the duration of such access to the time necessary for this litigation. This should ensure Heidi's privacy from third party access to her medical information. At the same time, we order plaintiffs to immediately authorize access by defendant to all possibly relevant medical records, and that includes all the records sought.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied. Plaintiffs' motion in support of a qualified protective order is granted in part; defendant's motion to compel discovery compliance is granted in part, and its motion to strike plaintiffs' objections is denied as moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 3, 2004.