## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7771 | **DATE** | 5/6/2004 |
| **CASE TITLE** | HEIDI HAPPEL and KENT HAPPEL vs. WAL-MART STORES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendant's motion to clarify is granted, its motion to strike is granted, and its motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| / | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY - 6 2004 date docketed | |
| | Notified counsel by telephone. | | | 54 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | 2004 MAY -5 PM 5: 03 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDI HAPPEL and KENT HAPPEL, )
her husband, )
)
Plaintiffs, )
)
vs. ) No. 02 C 7771
)
WAL-MART STORES, INC., a Delaware )
corporation, d/b/a WAL-MART )
PHARMACY, )
)
Defendant. )

MAY - 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Heidi and Kent Happel brought this action against defendant Wall-Mart Stores, Inc. d/b/a Wal-Mart Pharmacy (Wal-Mart) alleging negligence, loss of society, willful and wanton misconduct and battery. On February 3, 2004, this court entered an order denying defendant's motion to dismiss counts III and IV. Defendant now seeks to clarify that order by striking part of count III, and renews its motion to dismiss count IV. For the following reasons, defendant's motion to clarify is granted, its motion to strike is granted, and its motion to dismiss is denied.

Plaintiffs allege that defendant's employees filled a Toradol prescription for Heidi while knowing that she was allergic to non-steroidal anti-inflammatory drugs (NSAIDs). They claim that the employees intended to cause harm to Heidi and that, as a result of taking the drug, she suffered severe, long-term medical problems.[1]

Defendant's motions to clarify and strike concern plaintiff's desire to seek punitive

---

[1] For all relevant facts see the February 3, 2004 order, Happel v. Wal-Mart Stores, Inc., 2004 WL 755581 (N.D. Ill.).

54

damages. As the court has heretofore stated, the Illinois Civil Code of Civil Procedure and Healing Arts Malpractice Act (HAMA) protects certain defendants from punitive damages for malpractice. 735 ILCS 5/2-1115. A plaintiff may however seek punitive damages for an intentional tort by such a defendant. Grant v. Petroff, 684 N.E.2d 1020, 1027 (Ill. App. 5th Dist. 1997).

Plaintiffs originally attempted to state a claim for "intentional misconduct," which we determined was not a specific intentional tort under Illinois law. While dismissing that claim without prejudice on July 2, 2003, we recognized that HAMA and state court decisions strictly limit the situations in which a plaintiff may seek punitive damages for an intentional tort while simultaneously claiming malpractice. A plaintiff must allege an intentional tort other than malpractice. We stated in our February 3, 2004 order that the threshold for proving willful and wanton misconduct is somewhat lower than intentional harm. *See* Burke v. 12 Rothschild's Liquor Mart, Inc., 593 N.E.2d 522, 531 (Ill. 1992)(citing the Restatement (Second) of Torts § 500, Comment g, finding that the standard is essentially the same as recklessness – somewhere above negligence). To the extent that count III simply alleges reckless malpractice, HAMA prohibits the awarding of punitive damages, even for willful and wanton misconduct – a claim for which punitive damages are ordinarily awarded. *Id.* at 532. And they are awarded because willful and wanton conduct is qualitatively different from simple negligence. Willful and wanton conduct may justify punitive damages, but it is not, however, an independent tort, so far as we know.

Plaintiffs allege that defendant's conduct crossed a line, where it effectively ceased to be malpractice and was instead an intentional tort, at which point plaintiffs may seek punitive

damages. *See* Grant, 684 N.E.2d at 1027. This is the point where plaintiffs' allegations cease to be of willful and wanton misconduct and become battery. Plaintiffs cannot therefore seek punitive damages for count III (though they may continue to pursue the claim as a species of malpractice), and the corresponding prayer for relief is stricken.

Defendant also renews its motion to dismiss count IV, arguing that the alleged facts do not support a battery claim.[2] To state such a claim, a plaintiff must allege that the defendant intended to cause a harmful contact, that harmful contact resulted and that the plaintiff did not consent. Cohen v. Smith, 648 N.E.2d 329, 332 (Ill. App. 5th Dist. 1995). The contact requirement may be met by showing that the defendant caused the plaintiff to come into contact with a foreign substance in a way that may reasonably be regarded as offensive. Mink v. University of Chicago, 460 F. Supp 713, 718 (N.D. Ill. 1978), *quoting* Restatement (Second) of Torts § 18, Comment c at 31.

In Mink, the plaintiffs were administered diethylstilbestrol (DES) as part of a study to determine DES' value in preventing miscarriages. 460 F. Supp. at 715. The plaintiffs did not know that they were being administered the drug and claimed that it resulted in increased risks of cancer to their children. *Id.* The court determined that, under Illinois law, there are two distinct theories for malpractice cases resulting from lack of consent to a procedure. *Id.* at 717. In the first type of case, a plaintiff may claim negligence if the defendant fails to disclose adequate information to allow the plaintiff to make a well-reasoned decision. *Id.* at 718. In the second type, a plaintiff may state a claim for battery if there is a complete absence of consent to the procedure. *Id.*

---

[2]In denying defendant's first motion to dismiss, the court noted that the parties did not brief the issue as to whether the alleged conduct sufficiently constituted a battery. They have now done so.

The court held that <u>Mink</u> was of the second variety. Even though the plaintiffs themselves ingested the pills, they did not know they were taking part in an experiment. *Id.* at 718. The fact that they consented to treatment for prenatal care did not give defendants the right to treat them in any manner. *Id.* Instead, that consent was limited to acts that were substantially similar to those to which there was actual consent. *Id.* Testing a new use for a drug went beyond those limits. *Id.*

In <u>Moore v. Eli Lilly and Co</u>, 626 F.Supp 365, 366 (D. Mass. 1986), plaintiffs claimed that they were harmed by defects in the arthritis drug Oraflex. They claimed that the defendants fraudulently misrepresented facts relating to the drug's defective nature. *Id.* In determining that the plaintiffs could not state a claim for battery, the court distinguished <u>Mink</u> by stating that the plaintiff could only show a lack of *informed* consent. *Id.* at 368. Because the patient was aware that he was being given some form of a drug, he must rely on a negligence action. *Id., citing,* <u>Mink</u>, 460 F. Supp at 717.

While this court has not found any cases with facts identical to those in this case, we believe that it is closer to <u>Mink</u> than to <u>Moore</u>. Although Heidi actually ingested the Toradol knowing that she was taking the medication, she had no idea that the defendant's employees allegedly gave her a drug that effectively amounted to poison. If this claim is true, the act completely lacked consent. Heidi's allergy to NSAIDs was different from a potential side effect of medication in that it was virtually certain to cause her harm. Plaintiffs are not claiming that Heidi required more information to make her decision, but that defendant should not have filled her prescription at all.

This is not a situation where a plaintiff merely suffered because of an "undisclosed

inherent complication with a low probability," lacking only some of the information necessary to make an informed choice. *See* Mink, 460 F. Supp. at 717, quoting, Cobbs v. Grant, 502 P.2d 1, 8 (Cal. 1972). Instead, plaintiffs allege that defendant actively set out to cause harm to Heidi. While they bear a heavy burden in proving the necessary intent, if they are able to do so, plaintiffs may be able to prevail on the claim for battery and seek punitive damages for that intentional tort.

## CONCLUSION

For the foregoing reasons, defendant's motion to clarify is granted, its motion to strike is granted, and its motion to dismiss is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

May 6, 2004.