IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDI HAPPEL and KENT HAPPEL, )
her husband, )
 )
Plaintiffs, )
 )
vs. ) No. 02 C 7771
 )
WAL-MART STORES, INC., a Delaware )
corporation, d/b/a WAL-MART )
PHARMACY, )
 )
Defendant. )

## CORRECTED MEMORANDUM OPINION AND ORDER

Plaintiffs Heidi Happel and Kent Happel brought this action against defendant Wal-Mart Stores, Inc., d/b/a Wal-Mart Pharmacy (Wal-Mart), alleging negligence, loss of society, wilful and wanton misconduct, and battery. On March 8, 2006, the court denied Wal-Mart's motion for summary judgment on the wilful and wanton misconduct and battery claims. *See* Happel v. Wal-Mart, 2006 WL 642562, 2006 U.S. Dist. LEXIS 10837 (N.D. Ill. 2006). Wal-Mart now moves to certify the rulings on those claims for appeal pursuant to 28 U.S.C. § 1292(b), and to issue a stay pending appeal. Plaintiffs have also moved to strike certain arguments in Wal-Mart's reply brief. For the following reasons, both motions are denied.

On August 4, 1993, Wal-Mart filled a prescription for Heidi after she called her doctor and requested a pain reliever. The prescription was for Toradol, a non-steroidal anti-inflammatory drug (NSAID) to which Heidi was allergic. Shortly after taking the medication, Heidi went into anaphylactic shock, and as a result she claims a pronounced exacerbation of existing medical conditions and other health problems. Additional background details, particularly those relating to the computer system in place at Wal-Mart, are set forth in the

summary judgment order (*see* Happel, 2006 WL 642562, *1-2) and other prior orders (*id.* 2004) WL 755581, 2004 U.S. Dist. LEXIS 1463 (N.D. Ill. 2004); *id.*, 319 F. Supp. 2d 883 (N.D. Ill. 2004)).

Wal-Mart moved for summary judgment on plaintiffs' wilful and wanton misconduct claim (count III) and their battery claim (count IV). As to the wilful and wanton misconduct claim, Wal-Mart asserted that plaintiffs could not argue the degree of its negligence when only compensatory damages were available due to the Illinois Healing Arts Medical Malpractice Act (HAMA). We rejected the notion that the wilful and wanton claim merely replicated a negligence claim. The cases cited by Wal-Mart, Calhoun v. Rane, 234 Ill. App. 3d 90, 599 N.E.2d 1318, 1322, 175 Ill. Dec. 304 (Ill. App. 1st Dist. 1992) and Russell v. Good Shepherd Hosp., 222 Ill. App. 3d 140, 583 N.E.2d 672, 677, 164 Ill. Dec. 756 (Ill. App. 2d Dist. 1991), were distinguishable because there the plaintiffs sought punitive damages unavailable under HAMA, while plaintiffs only sought compensatory damages in their wilful and wanton misconduct claim. We noted that limiting instructions would safeguard against an award of aggravated damages. Further, we held that there existed a genuine factual dispute as to whether filling the prescription amounted to wilful and wanton misconduct. Happel, 2006 WL 642562, *5.

The battery claim also survived Wal-Mart's summary judgment motion. There were factual disputes in the record regarding Wal-Mart's knowledge that Toradol would harm Heidi because it knew that she was allergic to NSAIDs. Wal-Mart also contended that this was an informed consent case and not a total lack-of-consent case, and it therefore sounded in negligence rather than battery. We rejected Wal-Mart's distinction and concluded that plaintiffs claimed that Heidi should never have been given the Toradol, not that she required additional information. On the spectrum of consent cases, plaintiffs' claims and the facts in

the record landed closer to Mink v. University of Chicago, 460 F. Supp. 713 (N.D. Ill. 1978) as opposed to Moore v. Eli Lilly and Co., 626 F. Supp. 365, 366 (D. Mass. 1986). Moreover, summary judgment was inappropriate in light of the factual dispute over whether Wal-Mart should have filled Heidi's Toradol prescription. Id. at *6.

An issue is certifiable for interlocutory review under section 1292(b) if it presents a question of law that is controlling and contestable, and if resolution of that question will speed up the litigation. Ahrenholz v. Board of Trustees of University of Illinois, 219 F.3d 674, 675 (7th Cir. 2000). A section 1292(b) petition must be filed within a reasonable time after entry of the order. Id. The party seeking review bears a heavy burden because only exceptional cases justify departure from the final judgment rule. In re Ocwen Federal Bank FSB, 2006 WL 1371458, *1 (N.D. Ill. 2006) (quoting Fisons Limited v. United States, 458 F.2d 1241, 1248 (7th Cir.1972)). The section 1292(b) criteria are set forth in the conjunctive, and all must be satisfied as a prerequisite for interlocutory review. Ahrenholz, 219 F.3d at 676.

The party seeking appellate review of an issue should describe that issue in precise and concrete terms, similar to setting out the issue presented for review in an appellate brief. Identifying the specific legal issue focuses the district court's inquiry on the controlling question of law. Wal-Mart does not set forth specific legal issues that merit interlocutory review in the section of its motion discussing the controlling questions of law. Wal-Mart only states that the denial of the summary judgment motion affects the course of litigation because it impacts the type of evidence, the availability of punitive damages, and the possibility of settlement. By jumping to the effect of a controlling issue of law, Wal-Mart fails to specify the parameters of the question it seeks to appeal. In its reply brief, Wal-Mart does identify the following issues of law:

(1) where punitive damages are unavailable by virtue of the Illinois Healing

> Arts Malpractice Act (735 ILCS 5/2-1115 (West 2004)), a wilful and wanton conduct claim that arises out of the same set of operative facts, alleges the same injuries, and seeks identical damages, *i.e.*, compensatory, as an existing negligence claim, should be permitted to proceed, on the grounds that under such circumstances the claim is superfluous and would inflame the jury's passions and persuade it to award aggravated or vindictive damages; and
> (2) a claim can proceed under a medical battery theory, which requires a showing of a complete lack of consent, when it is based on the knowing ingestion of a medication, or instead, must be brought under a lack of informed consent theory, which sounds in negligence.

Plaintiffs move to strike these portions of the reply brief on the grounds that Wal-Mart did not set out the issues of law in its motion. In response, Wal-Mart asserts that the specific issues identified in its reply simply echo arguments in its opening motion. The above issues do resemble arguments that Wal-Mart makes in the portion of its opening motion that addresses section 1292(b)'s "substantial ground for difference of opinion" requirement. Even though Wal-Mart should have included these issues in the context of the controlling question of law section, the bases for its petition are present in the motion, and plaintiffs' motion to strike is accordingly denied. However, the mere presence of those grounds does not, of course, guarantee their adequacy.

The fact that Wal-Mart identifies and discusses its appealable issues in the "contestable" section of its motion underscores how the issues are not questions of law suitable for interlocutory appeal. A controlling question of law "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." Ahrenholz, 219 F.3d at 676. Proper questions of law are abstract legal questions that a court of appeals may "decide quickly and cleanly without having to study the record." *Id.* at 677. Section 1292(b) therefore requires pure legal questions that are fact-independent. The questions Wal-Mart identifies are nearly identical to those raised in support of its summary

judgment motion and they do not warrant relief under section 1292(b). *See id.* at 676 ("Section 1292(b) was not intended to make denials of summary judgment routinely appealable. . . . A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable").

A summary judgment ruling may present an appealable issue under section 1292(b) if issues of fact are absent. *See, e.g.,* Calvin v. Sheriff of Will County, 2006 WL 1005141, *3 (N.D. Ill. 2006). However, genuine issues of fact precluded summary judgment for Wal-Mart on counts III and IV. *See* Happel, 2006 WL 642562, *5 ("Lastly, the evidence in the record precludes a finding that no genuine issue of material fact exists."); *id.* at *6 ("Further, the record shows factual disputes as to whether Wal-Mart consciously disregarded indications that the Toradol prescription should never have been filled"); *id.* ("Because there is at least a factual dispute that the prescription should not have been given to Heidi – that it was actually filled was not substantially similar to plaintiffs' consent"); *id.* at *7 ("Many of the facts that support the wilful and wanton misconduct claim also support the battery claim, particularly those relating to Wal-Mart's knowledge of Heidi's allergies and its filling of the prescription despite the indications and warnings not to give Heidi Toradol").

Wal-Mart's position that the wilful and wanton misconduct claim will stoke the jury's passions also raises fact issues in that the claim depends on fact-specific variables such as the nature of the evidence presented for and against each side and the relative effectiveness of limiting instructions. In denying summary judgment on the battery claim, we noted that the severe degree of Heidi's injury moved the case out of the realm of informed consent and into the domain of total lack-of-consent because no information could make ingestion of a drug "informed" in light of the virtual certainty of the life-threatening side effects. On this canvas of disputed facts, Wal-Mart's proposed questions of law are substantially unlike fact-

independent preemption issues (United Airlines, Inc. v. Mesa Airlines, Inc., 219 F.3d 605 (7th Cir. 2000); In re Ocwen Federal Bank FSB, 2006 WL 1371458, *2 (N.D. Ill. 2006); Zikis v. Pfizer, Inc., 2005 WL 3274107, *2 (N.D. Ill. 2005)) or questions of pure statutory interpretation (Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1007-08 (7th Cir. 2002); Hollinger Intern., Inc. v. Hollinger, Inc., 2005 WL 327058, *3 (N.D. Ill. 2005)).

Even if we assume that Wal-Mart's issues can be divorced from their factual context and reduced to pure legal issues, we do not think that the issues are contestable to the degree that section 1292(b) requires. There are substantial grounds for a difference in opinion when "there is a difficult central question of law which is not settled by controlling authority, and a substantial likelihood exists that the district court's ruling will be reversed on appeal." In re Ocwen Federal Bank FSB, 2006 WL 1371458, *3 (quoting In re Brand Name Prescription Drugs Antitrust Litigation, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995)) (internal quotation marks omitted). The In re Ocwen court noted that well-reasoned arguments supported the moving party's claims for reversal. In contrast, Wal-Mart presents virtually the same arguments raised in its summary judgment motion and its motion to dismiss. These contentions have been rejected on multiple occasions.

Wal-Mart argues that the issues, particularly those relating to plaintiffs' battery claim, are issues of first impression and are therefore contestable. Claims that test the outer boundaries of precedent, with unique arguments and few points of reference, are not inherently contestable. Bzdawka v. Milwaukee Co., 2006 U.S. Dist. LEXIS 29112, *4 (E.D. Wis. 2006) ("[M]erely because a case has novel facts does not mean that there is a substantial ground for difference of opinion as to its outcome"); Hollinger Inter., 2005 WL 327058 *3 ("The movant thus may not prevail by simply showing a 'lack of judicial precedent' or that the issue is one of first impression"). Neither is the case contestable merely because it presents

a "close call." <u>Amoroso v. Crescent Private Capital, L.P.</u>, 2003 WL 22839807, *3 (N.D. Ill. 2003) (citation omitted).

Having found that there is neither a controlling issue of law nor a substantial ground for a difference of opinion, we need not ask whether an interlocutory appeal would materially advance the termination of litigation. However, we do note that the only immediate impact of a present appeal would be further delay, which is something that this case should not endure. The issues that Wal-Mart seeks to address implicate the major portion of plaintiffs' damages claim (to be precise, $50 million of the $55 million sought). Wal-Mart has admitted negligence (and thus liability for compensatory damages), and seeks review of the battery claim that allows punitive damages and the wilful and wanton misconduct claim that Wal-Mart claims will effectively result in aggravated damages. But the parties' bargaining positions alone should not determine the appealability of an issue. Rather, it is the clarification of a disputed question of law that warrants the granting of a section 1292(b) motion. The absence of such a question requires that the motion be denied.

## CONCLUSION

For the foregoing reasons, Wal-Mart's motion to modify the court's summary judgment ruling, to certify matters for appeal, and for a stay pending appeal, is denied. Plaintiffs' motion to strike is also denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 29, 2006.