IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDI HAPPEL and KENT HAPPEL, )
her husband, )
 )
          Plaintiffs, )
 )
      vs. )   No. 02 C 7771
 )
WAL-MART STORES, INC., a )
Delaware corporation, d/b/a WALMART )
PHARMACY, )
 )
          Defendant. )

## MEMORANDUM OPINION AND ORDER

Both plaintiffs and defendants have submitted *motions in limine*. We rule upon them as follows:

Plaintiffs' Motions

1. Plaintiffs' motion for discovery sanctions is denied. While plaintiffs may not be satisfied with defendant's answers to their interrogatories and requests for production, we do not find those answers to be incomplete, deceptive, or the product of bad faith. Answers that were limited were coupled with explainations. Further, we do not find defendant's production of documents to be a bad faith effort to "paper" plaintiffs. Defendant has satisfactorily explained why it reproduced numerous pieces of discovery, and we find that it acted in accordance with this court's March 8, 2006 order, and in good faith. Defendant answered plaintiffs' interrogatories and request for production in April 2006. Plaintiffs' failure to seek redress earlier for any answers they deemed insufficient renders their claim of prejudice untimely.

2. Plaintiffs' motion to continue trial subpoenas is granted, without objection by defendants.

3.  Plaintiffs' motion to exclude non-party witnesses from the courtroom is granted, without objection by defendant.

4.  Plaintiffs' motion for judicial notice of an average life expectancy of a female is granted. However, as Ms. Happel is between the ages of 38 and 39 (born on July 8, 1968), we will take notice of the average life expectancy of a woman in that age bracket, which is an additional 43.8 years.

5.  Plaintiffs' motion for judicial notice of the average life expectancy of a male is granted. However, as Mr. Happel is between the ages of 40 and 41 (born on January 21, 1967), we will take notice of an average life expectancy of a man in that age bracket, which is an additional 37.6 years.

6.  Plaintiffs' motion to bar any argument regarding God's will and/or fate is granted. This does not bar defendant from arguing that the degeneration of Ms. Happel's condition was inevitable and was not connected to the allergic reaction to Toradol. However, such an argument is most properly couched in terms of "inevitability," not "fate." The word "fate" conjures up notions of intervention by a higher power, and these notions, just like notions of God's will, are inappropriate topics for argument.

7.  Plaintiffs' motion to bar any argument, reference, evidence, or inference that plaintiff, Heidi Happel, is asking for more money than she expects to be awarded, is granted, without objection by defendant.

8.  Plaintiffs motion to bar evidence, reference, argument, inference or questioning regarding any attorney fee agreements between the plaintiffs and their attorneys is granted, without objection by defendant.

9.  Plaintiffs' motion regarding investment of proceeds from recovery is granted, without

objection from defendant.

10. Plaintiffs' motion relating to non-taxability of damage awards is granted, without objection from defendant.

11. Plaintiff's motion to bar testimony, evidence, or argument that medical malpractice claims and/or claims against pharmacies have altered patients' access to medical care and prescription medications is granted, without objection from defendants.

12. Plaintiffs' motion to bar testimony, evidence, or argument that professional malpractice claims and/or insurability issues have altered any witness' medical or pharmaceutical practice is granted to the extent that it seeks to bar such testimony, evidence or argument on the part of witnesses other than defendant and its current and former employees, such as plaintiffs' or defendant's medical experts. Testimony and evidence regarding the potential of medical malpractice claims and/or insurability issues for the purpose of establishing that Wal-Mart has preventative procedures in place, and for explaining why it is that these procedures are in place, shall be admitted.

13. Plaintiffs' motion relating to the scope of testimony of defendant's witnesses is granted, without objection from defendant.

14. Plaintiffs' motion to bar any argument, reference, evidence, or inference to defendant's attorneys' educational background, religion, experience with personal loss or any expression of sympathy directed toward the plaintiffs is granted, without objection from defendant.

15. Plaintiffs' motion to bar argument that the evidence is presented for the purpose of eliciting the jury's sympathy is denied. Defendant is permitted to argue all reasonable inferences drawn from the evidence. The jury will be instructed that opening statements and closing arguments are not evidence, and should not be considered as such. The jury will also

be instructed that sympathy should not play a part in their determination. We have no reason to believe that the jury will not follow these instructions.

16. Plaintiffs' motion to bar any argument and/or evidence with respect to negligence of third parties is granted. However, defendant is permitted to elicit evidence that Wal-Mart relied, at least in part, on the Toradol prescription ordered by Dr. Lorenc, as such evidence is relevant to the jury's determination of whether Wal-Mart acted willfully and wantonly, or had the requisite intent for battery. Defendant is not permitted to produce evidence, nor to elicit opinion or speculation from any of its witnesses, as to any negligence on the part of Dr. Lorenc, nor is defendant permitted to argue such an inference.

17. Plaintiffs' motion to bar any argument or reference to comparative and or/contributory negligence of the plaintiffs is granted. Defendant, however, is permitted to elicit all admissible evidence relevant to its defense of consent in the context of the battery claim. Consent does not turn on Mr. Happel's knowledge, as he was not in a position to be able to consent to Ms. Happel's conduct. Therefore, that avenue is barred as irrelevant.

18. Plaintiffs' motion to bar any argument, questioning, evidence or reference regarding abortion is denied. Plaintiffs seek to show that Ms. Happel's depression is linked to her allergic reaction to Toradol. Defendant is, therefore, permitted to elicit evidence of other possible reasons for plaintiff's depression if there is a good faith basis for pursuing the inquiry, and there is. It can be pursued, however, only so far as the evidence disclosed finds support for further inquiry. The same reasoning applies to motions, 19, 25, 26 and 27.

19. Plaintiffs' motion to bar any argument, questioning, evidence or reference to any type of "personality trait disorders" is denied. Plaintiffs seek to show that Ms. Happel has suffered psychological damage as a result of her allergic reaction to Toradol. Defendant is permitted

to elicit evidence of other possible explanations for her symptoms.

20.　Plaintiffs' motion for judicial notice of Wal-Mart's financial information disclosed to the FCC for the year 1993 is denied. Wal-Mart's financial information from 1993 is not relevant to any of plaintiffs' claims, and as defendant notes, it is not relevant to the question of punitive damages, as only current financial information is relevant. *See* Peach v. City of Kewanee, 2006 U.S. Dist. LEXIS 77379, *15 (N.D. Ill. 2006); Raiser v. O'Shaughnessy, 1992 U.S. Dist. LEXIS 16001 (D. Ill. 1992).

21.　Plaintiffs' motion for judicial notice of Wal-Mart's financial information disclosed to the FCC for the year 2004, is denied, for the reasons stated above.

22.　Plaintiffs' motion for judicial notice of Wal-Mart's financial information disclosed to the FCC for the year 2005, is denied for the same reasons stated above.

23.　Plaintiffs' motion for judicial notice of Wal-Mart's financial information disclosed to the FCC for the year 2006, is granted without objection from defendant.

24.　Plaintiffs' motion to bar any argument, questioning, or reference regarding Ms. Happel's illicit drug use is granted, without objection from defendant.

25.　Plaintiffs' motion to bar any argument, questioning, or reference regarding Ms. Happel's alcohol abuse is denied. Dr. Alan Hirsch performed two breathalyser tests on Ms. Happel during his evaluations of her, and defendant is permitted to cross-examine Dr. Hirsch on the results of those tests.

26.　Plaintiffs' motion to bar any argument, questioning, or reference regarding Ms. Happel's breast reduction is denied. Plaintiffs have alleged that Ms. Happel suffers from neck and back pain attributed to the incident with Toradol. Defendant is permitted to elicit evidence of other possible reasons for Ms. Happel's pain.

27. Plaintiffs' motion to bar any argument, questioning, or reference regarding Ms. Happel's possible compulsive obsessive disorder is denied. Plaintiffs have alleged that Ms. Happel suffers psychological problems related to her allergic reaction to Toradol. Defendant is permitted to elicit evidence of other possible reasons for her symptoms.

28. Plaintiffs' motion for judicial notice of Wal-Mart's net sales and net income for the years 1993, 2003 and 2006, pursuant to FRE 201(b), is granted in part and denied in part. Only current net worth relates to punitive damages. Net sales and income, event if current, is not relevant to punitive damages, nor is it relevant to any of plaintiffs' claims, as discussed below in defendant's *motion in limine* 12.

29. Plaintiffs' motion to bar any argument or reference in support of any affirmative defense whatsoever, is granted. However, as stated above, this does not bar defendant's admission of evidence of Ms. Happel's conduct related to the issue of consent.

30. Plaintiffs' motion for judicial notice of Wal-Mart's financial records and information disclosed to the public and the FCC for the years 1994 through 2003, is denied for the reasons stated above regarding plaintiffs' *motion in limine* for judicial notice of Wal-Mart's financial records and information disclosed to the public and the FCC for the years 1993, 2004 and 2005.

31. Plaintiffs' motion to bar any evidence, argument, or reference contrary to prior admissions by Wal-Mart is granted, without objection from defendant.

32. Plaintiffs motion to bar evidence or argument suggesting that there was more than one pharmacist on duty on August 4, 1993, is granted without objection by defendant.

Defendant's Motions

1. Defendant's motion to bar expert Dr. Alan Hirsch under Daubert, is granted in part

and denied in part. As a board-certified neurologist and psychiatrist, specializing in smell and taste issues, Dr. Hirsch's qualifications render him capable of testifying to Ms. Happel's depression, headaches, psychiatric and psychological issues, PTSD, seizures and ischematic brain functions. He has performed research and written and presented papers relating to these types of issues. However, we find he is not qualified to testify regarding Ms. Happel's MS, the exacerbation of her MS or the causation of that exacerbation – anaphylactic reaction. Nor is he qualified to testify regarding hypoxia, hypercapnia, hypoventilation, asthma, or lung problems. Dr. Hirsch has no experience with asthma or lung issues generally, nor anaphylaxis or hypoxia, or related conditions. His experience with MS patients is limited to those coming to him for treatment of smell disorders or mouth pain. Furthermore, the relevant medical literature does not support Dr. Hirsch's conclusions regarding the connection between physical or psychological stress and the exacerbation of MS. Dr. Hirsch relies on two sources, neither of which make this connection. The first one, an article that the parties refer to as the "Lancet" article, makes no mention of MS and concludes that the "association between stressful life experiences and changes in immune function do not establish a causal link between stress, immune function, and disease" (def. motion *in limine* #1, ech, H, at 5). The second source is one page from Merritt's Textbook of Neurology, apparently relating to MS, but the doctor makes no mention that this page creates a connection between stress and MS. Additionally, defendant refers us to an article published by the American Academy of Neurology (an organization of which Dr. Hirsch is a member), that finds no connection between physical trauma or psychological stress and the onset or exacerbation of MS (def. motion *in limine* #1, ech. J). Therefore, we find he is not qualified to render an expert opinion regarding those areas listed above.

2. Defendant's motion to bar all expert testimony of Dr. Hirsch, based on Rule 26(a)(2)(B) violation, is denied. While we agree with defendant that plaintiffs have blatantly subverted the requirement of the rule that an expert report, with all of its components, should be tendered at least 90 days before trial, we find that defendant was not prejudiced. Defendant did not make an attempt to compel plaintiffs' production of the report immediately after the 90-day mark, nor ask for a continuance or adjournment of Dr. Hirsch's deposition after having the additional discovery delivered to them that day. Defendant was further allowed seven hours over three days to examine Dr. Hirsch and determine his medical opinions and the bases for those opinions. Defendant, therefore, will not suffer surprise at trial.

3. Defendant's motion to bar plaintiffs' treating doctors from offering opinion testimony is granted. Treating doctors are limited to testifying to Ms. Happel's medical condition solely as it relates to their treatment of her. Any opinions they reach must be based exclusively on their first-hand experience with Ms. Happel. Plaintiffs did not list treating doctors as experts in their Rule 26(a)(1) disclosures, nor in their letter to defendant on August 16, 1999, listing their expected experts. Plaintiffs' attempt to elevate their treating doctors' status by listing them as experts in the pre-trial motion, without rendering the required expert reports to defendant, fails as an attempt to subvert the requirements of Rule 26(a)(2)(B).

4. Defendant's motion to bar all evidence of medical special damages other than those related to the August 4, 1992, to August 12, 1993, hospitalization, and to strike plaintiffs' use of billing records of Dr. Hirsch, is, for now, denied. Plaintiffs disclosed to defendant in 1999 that Dr. Hirsch would testify to Ms. Happel's past medical expenses being $50,000. In their November 5, 2003, Rule 26(a)(1) disclosures, plaintiffs inadvertently failed to update that portion of the summary of Dr. Hirsch's testimony, yet other sections of the report reveal that

Ms. Happel's medical expenses had risen to over $73,000. Defendant cannot claim surprise that by the time of trial Ms. Happel's medical expenses have risen further, given the three-year gap between the disclosure and trial. We assume, however, that the amount is the total of all of Ms. Happel's medical expenses since 1992, a figure she could calculate, but we are at a loss to understand how plaintiffs expect to prove causation between those expenses and the 1992 incident.

5.　Defendant's motion to bar any reference to Dr. Bringewald's article is granted. Under FRE 703, expert witnesses are entitled to refer in their testimony to the facts and data upon which they relied in forming an opinion. These facts and data that the expert relies on need not be admissible in evidence themselves, so long as they are of a type reasonably relied upon by experts in the particular field. Here, the article is derived from a well known medical journal, and it is common for physicians to rely on such medical literature. Reference to the article would be permissible if it was relevant – but it is not. The article suggests that there may possibly be a link between stress and disease, but does not claim that such a link has been established. It provides no support for the view that there is such a link, to a reasonable degree of medical certainty.

6.　Defendant's motion to bar untimely disclosed records and opinions is granted. Plaintiffs failed to disclose additional treatments by Dr. Schwertfeger between March 2005 and November 2006, until November 20, 2006, despite defendant's repeated request for medical records. Plaintiff should have disclosed these treatments as they occurred, instead of waiting until the end of November to do so. Plaintiffs also failed to disclose the existence of an additional treating doctor, Dr. Moore, who rendered chemotherapy to Ms. Happel, until November 20, 2006. These disclosures came after the close of discovery and less than a month

before the final pretrial order was due. Until that date, defendant was unaware that Ms. Happel had even had chemotherapy - a fact that could very well be relevant to the question of causation in the instant action. Plaintiffs have made no case for their failure to disclose this evidence earlier, and therefore these records are barred.

7. Defendant's motion to bar evidence of mental or physical examinations of Heidi Happel, performed by Dr. Alan R. Hirsch after the close of discovery, is granted. Plaintiffs knew very well when the deposition of Dr. Hirsch was to take place. Since plaintiffs found it necessary for Dr. Hirsch to re-examine Ms. Happel before the deposition, they should have, at the very least, done so in sufficient time as to be able to tender a legible copy of Dr. Hirsch's report to defendant in advance of the deposition date. Plaintiffs attempt to circumvent the discovery deadline renders Dr. Hirsch's testimony regarding his November 20, 2006, examination inadmissible. *See* Lines v. Northeast I. R. Corp., 1990 WL 37633, *1 (N.D. Ill. 1990).

8. Defendant's motion to bar hearsay conversations with unidentified Wal-Mart personnel is granted in part and denied in part. Defendant's motion is denied as to statements made by Wal-Mart personnel to either Ms. Happel or Mr. Happel, because they constitute admissions by a party-agent under FRE 801(d)(2)(3), so long as they are properly authenticated. However, Mr. Happel is not permitted to testify as to the content of the phone conversations between Ms. Happel and the pharmacy, doctor, or anyone else, as that testimony would be hearsay, not within any recognized exception.

9. Defendant's motion to bar reference to Kenneth C. Chessick as a physician is granted. As plaintiffs have sought to bar reference to the educational and other background of defendant's lawyers, so, too, is plaintiffs' counsel barred from referring to his education and experience, and barred from referring to himself as a medical doctor. As Judge Shadur so

aptly put it in <u>Kaminsky v. Condell Memorial Hospital</u>, 1993 WL 528093, *3 (N.D. Ill. 1993) referring to this exact same counsel, we "will not allow such a blatant attempt to lend greater credibility to Chessick's questioning and arguments before the jury." Such conduct would unnecessarily prejudice defendant's case, and therefore is barred. Counsel for both sides are ordered to give instructions to all witnesses and trial participants to avoid referring to plaintiffs' counsel in this fashion.

10. Defendant's motion to bar lost wages and future earnings and benefits is denied. Until trial, we are unable to determine whether plaintiffs will be able to establish lost earnings with reasonable certainty. Yet, we do not view the state of the record as being totally speculative in light of Ms. Happel's work history, past earning capacity and vocational ability. Defendant's challenge goes more to the weight of the evidence, rather than its admissibility as a basis to support plaintiffs' claims. Additionally, plaintiffs are not required to rely on expert testimony in the calculation of lost wages or benefits. *See* <u>Kasper v. St. Mary of Nazareth Hosp.</u>, 135 F.3d 1170, 1177 (7th Cir. 1998).

11. Defendant's motion to bar reference to any and all lawsuits, claims and occurrences of any kind is denied at this time. We are unable to determine, without hearing from plaintiffs, the specific facts of other lawsuits, claims or occurrences they wish to submit, whether those suits, claims or occurrences are admissible or unduly prejudicial to defendant. Defendant may renew its objection in the event plaintiffs' attempt to introduce such evidence, and any relevancy determination will be made outside the presence of the jury and before the jury is made aware of the matter.

12. Defendant's motion to bar non-current financial information of Wal-Mart is granted. Plaintiffs contend that they are not seeking to admit the financial information from the years

1993-2005 for purposes of punitive damages, but rather are seeking to admit it to show that, despite Wal-Mart's consistent growth, its failure to adequately staff its pharmacy department is evidence of willful and wanton conduct. We do not find Wal-Mart's financial information from 1993-2005 to be relevant to the issue of willful and wanton conduct. This incident occurred in 1993. Therefore, plaintiffs' theory regarding adequate staffing would rest on the financial information of Wal-Mart prior to that time, not after that time. Wal-Mart's financial growth after 1993 has no relevance to whether or not it was willful or wanton for not adequately staffing its pharmacy in 1993.

13. Defendant's motion to bar net worth of Wal-Mart is denied. In order to determine punitive damages, a jury is entitled to consider, among other things, the defendant's financial condition. The net worth of defendant is relevant to this consideration. Plaintiffs are constrained, however, to use defendant's net worth at the time of trial only, for purposes of proving punitive damages. Sullivan v. Conway, 1995 WL 573421, *2 (N.D. Ill. 1995).

14. Defendant's motion to bar evidence of media's portrayal of Wal-Mart is granted as to the specific areas defendant has outlined in its motion. Plaintiffs are barred from referencing recent events in the news regarding Wal-Mart's activities in Chicago, including using buzzwords such as "big box," "living wage," and "global outsourcing." The current events surrounding Wal-Mart and the Chicagoland area have nothing to do with the instant case and have no place in this litigation. Other media portrayals of Wal-Mart may be admitted or denied, depending on their individual relevancy.

15. Defendant's motion to bar introduction of evidence regarding issues of liability and plaintiffs' expert Toby Clark, is continued for further discussion. Defendant argues that witness Clark's testimony regarding the standard of care for pharmacists is irrelevant to this

action because defendant has already conceded negligence in this matter. Plaintiffs argue that defendant has not conceded negligence in all of its actions, and has denied all liability with regards to certain incidents, such as the overriding of the computer system. Regardless, Clark's testimony may be relevant to the allegation of willful and wanton conduct, but we are uncertain about what that testimony might be or whether it is permissible evidence from an expert. Accordingly, we leave this motion to another day.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 9, 2007.