IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEIDI HAPPEL and KENT HAPPEL, )
her husband, )
)
Plaintiffs, )
)
vs. ) No. 02 C 7771
)
WAL-MART STORES, INC., a )
Delaware corporation, d/b/a WALMART )
PHARMACY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

The Happels, husband and wife, settled with the doctor writing the prescription for $75,000 each, or $150,000. They later obtained a verdict against Wal-Mart Stores, Inc (Wal-Mart), in the amount of $465,400. Wal-Mart now seeks to amend the judgment so as to reflect a setoff of $150,000. That motion is granted.

Plaintiffs object to the setoff because the verdict does not indicate what part of the judgment is allocated to Heidi Happel and what part to Kent Happel. They contend that they wanted an itemization, Wal-Mart objected, and the result was a general verdict that does not allocate. Therefore, they contend, it is impossible to determine whether, for example, the recovery by the husband was as much as $75,000.

But clearly the $150,000 and the $465,400 pertain to the same facts and same injuries. Plaintiff did seek itemization by nature of the damage -- but only after the jury had determined a single amount as "their" compensatory damages. The plaintiffs presented a united front to the jury; they have been seriously injured as a couple. The court does not recall counsel

making damages distinctions between husband and wife in the instructions or in closing argument. They were a married couple who were injured, and no effort was made to distinguish between them. That approach was, as we recall, followed without objection of plaintiff or defendant, and we follow it here in allowing the setoff.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 23, 2007.